**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL BISHOP,**

                **Plaintiff,**

                                                  **Case No.:**

**v.**

**BAYCARE HEALTH SYSTEM, INC.,**

                **Defendant.**

_____/

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1446 and Local Rule 4.02, Defendant, BAYCARE HEALTH SYSTEM, INC. (hereinafter "BayCare" or "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the above-styled action filed by Plaintiff, MICHAEL BISHOP (hereinafter "Plaintiff"), from the County Court in and for Seminole County, Florida, to this Court. In support thereof, Defendant states as follows:

1.  On or about June 5, 2019, Plaintiff filed his Complaint against Defendant in the County Court in and for Seminole County, Florida. A copy of the Complaint is attached hereto as Exhibit A. The Clerk of that Court assigned this action Case Number 2019-CC-1904-20-S. Plaintiff served Defendant with the Complaint and a summons on or about June 17, 2019.

2.  In his Complaint, Plaintiff alleges that Defendant refused to pay short-term disability ("STD") benefits to which he is entitled pursuant to Defendant's STD Plan as set forth in Defendant's Summary Plan Description ("SPD"). (Exhibit A, ¶¶ 2, 8-9). A copy of the SPD is attached hereto as Exhibit B.

3.      Pursuant to the Plan, Employees have two options with respect to the STD benefits offered. They may either elect to receive 50% of their biweekly earnings and make no contributions towards the cost of this benefit or elect to receive 66 2/3% of biweekly earnings and contribute towards the cost of this benefit. (Exhibit B, at 280). Plaintiff enrolled in option 2, meaning that he contributed towards the cost of this benefit. A copy of documentation showing Plaintiff enrolled in Option 2 of the STD Plan is attached hereto as Exhibit C. Thus, payment of Plaintiff's STD benefits relied on employee contributions and were *not* paid solely by the employer. *Compare with Bilheimer v. Fed. Exp. Corp.*, No. 08-80420-CIV, 2009 WL 1324202, at *1 (S.D. Fla. May 13, 2009) (holding short-term disability plan was "payroll practice" rather than ERISA plan where plan description stated that benefits "are fully paid from contributions made by the company").

4.      As evidenced by the foregoing, the STD Plan is not a payroll practice as alleged by Plaintiff. (Exhibit A, ¶ 3).  In reality, the STD Plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

5.      ERISA provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). This Court has original jurisdiction over ERISA actions. *See* 29 U.S.C. § 1132(e). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

6.      Further, the Court may look beyond the complaint to determine if the suit is, in reality, purely a creature of federal law when a complaint purports to raise only state law claims. *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003). Where state law claims are

2

completely preempted by ERISA, the District Court may recharacterize a claim as one of federal law if a plan beneficiary is seeking benefits in state court that are available under ERISA's enforcement provision. *Whitt*, 147 F.3d at 1329. ERISA's enforcement clause states, in pertinent part, that a plan participant may bring suit to recover benefits due to him under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

7.      The sole relief sought by Plaintiff is the payment of benefits pursuant to the STD Plan—a plan governed by ERISA. Because Plaintiff seeks benefits available under ERISA's enforcement provision, any purported state law claims should be recharacterized as federal ERISA claims and removed to this Court.

8.      Removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b).

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rules 1.02 and 4.02 of the Local Rules of the Middle District of Florida because this case is currently pending in a county encompassed by this Division.

10.      Defendant has provided written notice of the removal to Plaintiff and filed a Notice of Filing Notice of Removal in the County Court in and for Seminole County, Florida.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit D.

11.      28 U.S.C. § 1446 requires that any defendant desiring to remove such an action to federal court must file a notice of removal containing:

> [A] short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

The preceding paragraphs set forth the grounds on which removal is sought. Defendant has filed all pleadings previously filed with the County Court in and for Seminole County, Florida.

Defendant has satisfied both the substantive and procedural requirements of 28 U.S.C. 1446.

Accordingly, removal is appropriate.

WHEREFORE, BAYCARE HEALTH SYSTEM, INC., respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 8th day of July, 2019.

/s/Erin G. Jackson
Erin G. Jackson, Esquire
Florida Bar No.: 413097
Ashley A. Tinsley, Esquire
Florida Bar No.:  125141
Johnson Jackson PLLC
100 N. Tampa Street, Suite 2310
Tampa, FL 33602
Telephone: (813) 580 – 8400
Facsimile: (813) 580 - 8407
E-mail: ejackson@johnsonjackson.com
atinsley@johnsonjackson.com
Secondary E-mail:  jshinn@johnsonjackson.com
eprado@johnsonjackson.com
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 8th day of July, 2019 using the Court's CM/ECF system, sending a copy to all counsel of record including to the following:

Gregory D. Swartwood, Esq.
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Email: lcluney@nationlaw.com
gswartwood@nationlaw.com

/s/ Erin G. Jackson
Attorney